David A. Wolf, CA SBN 124460
Law Office of David A. Wolf
2600 Tenth Street, Suite 410
Berkeley, CA 94710
Telephone: (510) 325-7662
Facsimile: (510) 295-2838

Attorneys for Plaintiff
ALFONSO GALARPE, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ALFONSO GALARPE, JR., an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 3:17-cv-06514-EMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ALFONSO GALARPE JR.'S MOTON FOR REMAND**<br><br>Date: January 4, 2018<br>Time: 1:30 p.m.<br>Court Room: 5 |

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................................

II.   SUMMARY OF FACTS AND BACKGROUND......................................................... 1

   a.   Plaintiff Filed His Complaint and Amended Complaint Alleging Violations of California's Fair Employment and Housing Act ................................ 1

III.  LEGAL ARGUMENT................................................................................................ 2

   a.   United Airlines is a Dual Citizen of California and Illinois ....................................... 2

   b.   Plaintiff's First Amended Complaint Contains No Federal Question Basis For Removal and Given United Airlines, Inc.'s Dual Citizenship in California and Illinois, Remand to State Court is Not Only Proper, it is Required.......................... 4

IV.  CONCLUSION ........................................................................................................... 6

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1447(c) .................................................................................................................4

28 U.S.C. § 1367(c) .................................................................................................................5

28 U.S.C. § 1441(a) .................................................................................................................6

**United States Supreme Court Cases**

*Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) ..................................................4

*Mine Workers v. Gibbs*, 383 U.S. 715 (1966) .........................................................................5

**Federal Cases**

*Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, (1985) .............................................6

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ...................................................................2

*Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 1041 (N. D. Cal. 2001) ..........................2, 3, 6

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993 (C.D. Cal. 2002) 2

*Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D., Cal. 1979) .....................................................2

*Parks v. New York Times Company*, 308 F.2d 474, 478 (5th Cir. 1962) ................................2

*Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) .........3

## I. INTRODUCTION

Plaintiff Alfonso Galarpe, Jr. (hereafter "Plaintiff" or "Mr. Galarpe") filed a complaint alleging state law claims in the Superior Court of California, County of San Mateo. Plaintiff thereafter filed his First Amended Complaint to effectuate service on United Airlines, Inc. ("United Airlines, Inc." or "Defendant United Airlines, Inc.").

On November 9, 2017, Defendant United Airlines, Inc. (hereafter "Defendants") removed the action to this Court, alleging that Plaintiff and Defendant United Airlines, Inc. are citizens of separate states of the United States.

Because this Court has previously held that United Airlines, Inc. is a dual citizen of California and Illinois this case must be remanded to the Superior Court of California, County of San Mateo where it was originally filed.

## II. SUMMARY OF FACTS AND BACKGROUND

### A. Plaintiff Filed His Complaint and Amended Complaint Alleging Violations of California's Fair Employment and Housing Act

On September 29, 2017, Plaintiff filed a Complaint against his employer United Airlines, Inc. and Does 1-50, inclusive in the Superior Court of California, County of San Mateo, Case No. 17CIV04505. To effectuate service on Defendants, Plaintiff amended his Complaint, filed it on October 6, 2017, and thereafter served it on United Airlines, Inc. (*See* Exhibits A and B to Defendants' Notice of Removal).

Plaintiff alleges that Defendants violated, *inter alia*, California's Fair Employment and Housing Act ("FEHA"), Government Code § 12940 *et seq.* Specifically, Plaintiff alleged causes of action for wrongful termination in violation of public policy as embodied in the FEHA, negligence, defamation, negligent infliction of emotional distress, and intentional infliction of emotional distress. (*See* Exhibit B to Defendants' Notice of Removal – the First Amended

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ALFONSO GALARPE JR.'S MOTON FOR REMAND
CASE NO.: 3:17-cv-06514-EMC

Page 1

Complaint.) No federal questions are presented on the face of either of Plaintiff's timely filed state court complaints.

## III. LEGAL ARGUMENT

The burden is on Defendants to prove by a preponderance of the evidence that removal is proper based on diversity. See, e.g., *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 [1992 U.S. App. LEXIS 30733] (9th Cir. 1992); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1000 [2002 U.S. Dist. LEXIS 6439] (C.D. Cal. 2002); *Parks v. New York Times Company*, 308 F.2d 474, 478 [1962 U.S. App. LEXIS 4092] (5th Cir. 1962); *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979), *aff'd* 710 F.2d 549 [1983 U.S. App. LEXIS 25872] (9th Cir. 1983).

### A. United Airlines is a Dual Citizen of California and Illinois

The Ninth Circuit has ruled that federal courts must apply one of two tests in order to identify a corporation's principal place of business, i.e., its place of corporate citizenship. If any state contains a "substantial predominance" of a corporation's corporate business activities, the court applies the "place of operations" test. The state that substantially predominates is the corporation's principal place of business. *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 1041, 1042 [2001 U.S. Dist. LEXIS 10497] (N. D. Cal. 2001). In *Ghaderi, supra*, this Court previously concluded that United Airlines, Inc. is both a citizen of California as well as Illinois where its corporate headquarters is located. In other words, the question was what state or states can most appropriately be considered United Airlines, Inc.'s "principal place of business." *Id.* Defendant United Airlines, Inc. is clearly not the kind of litigant that diversity jurisdiction was intended to protect in either California or Illinois through recourse to removal jurisdiction. United Airlines, Inc. maintains a large presence in both states and is not considered an "outsider" in either; its presence in California has grown since 2001. The argument Plaintiff advances here would not make United Airlines a citizen of every state in which it operates or conducts business.

The substantial predominance test relied upon in *Ghaderi, supra*, does not require the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF ALFONSO GALARPE JR.'S MOTON FOR REMAND
CASE NO.: 3:17-cv-06514-EMC

Page 2

majority of a corporation's business to be conducted in a given state – it only requires that activity in a given state be *"significantly"* larger than any other state. This test should be deemed most appropriate because lawsuits usually arise from a corporation's public contacts where it conducts its business. The nerve center test is only used if substantial predominance cannot be established. Here, substantial predominance is an obvious matter of public record. In any event, the law clearly places the burden of persuasion on the party seeking to invoke the court's diversity jurisdiction, particularly to support removal.

The substantial predominance measures considered in *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 2d 1041 [2001 U.S. Dist. LEXIS 10497] (N.D. Cal. 2001) included United Airlines, Inc.'s:

- Employees and the states in which they worked, i.e., where there was the most public contact and thus greatest potential for litigation, as angry customers and employees are obvious sources for majority of litigation. The employees in question were not just public facing employees; the court considered that all employment relationships constituted contact with public;
- Consumers and the services provided to them as measured by the number of passengers and the volume and value of cargo shipped;
- Tangible property was considered, but moveable assets and land were excluded;
- Sources of income, e.g., income derived primarily from passenger and cargo services;
- The locus of other commercial transactions was also reviewed. Although United Airlines, Inc. engaged in operations support transactions from Illinois more than it did from California, United Airlines, Inc. failed to prove that it engaged in such transactions primarily with residents of Illinois; and
- Executive and administrative functions were primarily conducted at United Airlines, Inc.'s headquarters, but management activity was substantial in California, with 32.4% of managers actually residing in California.

Here, as in *Ghaderi, supra*, the burden is on United Airlines, Inc. to prove that its presence in California does not "`significantly' outweigh its presence in any other state." The term "significantly" is defined on a case-by-case basis. The Ninth Circuit has shown a clear preference for using of the "place of operations" test for determining a corporate party's principal place of business. See, e.g., *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 [2001 U.S. App. LEXIS 12] (9th Cir. 2001). Where the corporate party attempting to invoke diversity jurisdiction has a significant presence in both states of comparison, the difference

between the magnitude of activity in the two states need not be very large to be considered "substantial." *Tosco, supra.*

In 2001, *and even more so now,* California is the state in which United Airlines, Inc. conducts most of its public activity in any of the United States. California is also, for better or worse, the state in which it can expect to be involved in the most litigation.

While United Airlines, Inc.'s business activity in its headquarters state, the State of Illinois, is also significant, most of the types of activity for which the numbers are larger in Illinois involved matters that are far less public, e.g., OCC operations, signing contracts to purchase fuel, food and equipment, and high-level corporate policy making.

United Airlines, Inc. is incorporated in the United States, but still has dual citizenship in at least two states where it continues to do substantial business, including California. Diversity jurisdiction was defeated on the basis of such dual citizenship before and should be here as well. See Plaintiff's Request for Judicial notice filed concurrently herewith.

**B.  Plaintiff's First Amended Complaint Contains No Federal Question Basis For Removal and Given United Airlines, Inc.'s Dual Citizenship in California and Illinois, Remand to State Court is Not Only Proper, it is Required.**

On November 9, 2017, Defendants removed this case on the basis of diversity. The removal papers do not base removal on the amount in controversy or any federal question. Affirmative defenses do not afford a basis for removal.

Plaintiff is moving this Court to remand his case to state court pursuant to 28 U.S.C. § 1447(c)(procedure after removal generally). In pertinent part, said statute applies the following standard to such motions:

> *A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.*

Plaintiff makes this motion on the grounds that this Court has previously ruled that Defendant United Airlines, Inc. is a dual citizen of Illinois and California *and* because relevant statutory and case law favor remand. Moreover, Plaintiff's First Amended Complaint contains no federal claims.

Notwithstanding the aforementioned 30-day deadline, Plaintiff should be within his right to move this Court to remand his case "at any time before final judgment." (28 U.S.C. § 1447(c); *see also* F.R.C.P. 12(h)(3).) Individual local, management-side defendants will be identified and served in due course and, on information and belief, most of them are currently California residents.

As a general rule, when only state law claims remain for trial, "the balance of factors to be considered under the pendent jurisdiction doctrine…will point toward declining to exercise jurisdiction…." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350-351 [108 S.Ct. 614, 98, L.Ed.3d 720] (1988). While Defendants are sure to argue that this general rule is neither mandatory nor absolute, this Court's discretion in determining whether to exercise jurisdiction over pendent state law claims is guided by statutory and case law limitations. *See Id.*; *see also*, 28 U.S.C. § 1367(c)(supplemental jurisdiction).

28 U.S.C. § 1367(c) states that district courts may decline to exercise jurisdiction over claims such as those plead in Plaintiff's First Amended Complaint if one of the following conditions exist:

> *(1) [T]he claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.*

(28 U.S.C. § 1367(c).) This case should also be remanded on the ground that it raises novel issues pertaining to modern workplace hate speech and related defamation of

character, and rampant employer abuse of the qualified privilege used in workplace investigations, evaluations, and particularly in adverse actions against employees, including wrongful discharge in violation of the public policy embodied in California statutory and case law.

In addition to the aforementioned statute, this Court's discretion in exercising jurisdiction over this matter is guided by a careful balancing of the factors of judicial economy, convenience, fairness, and comity (as in courtesy and considerate behavior toward others) as prescribed by the Supreme Court in *Cohill, supra.* Obviously, Plaintiff filed his Complaint and First Amended Complaint in state court; however, consistent with 28 U.S.C. § 1367(c)(3), remand is an available and proper response for this Court. Moreover, as demonstrated below, the application of the Supreme Court's balancing test outlined in *Cohill* merely serves to bolster Plaintiff's argument supporting an order remanding this matter to state court.

In *Cohill*, the Court held that the pendant jurisdiction doctrine originally set forth in *Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966 U.S. LEXIS 2837] (1966), enables district courts to remand a removed case back to state court when the court determines that it would be inappropriate to retain jurisdiction. *Cohill*, 484 U.S. 343, 351 [108 S.Ct. 614, 1988 U.S. LEXIS 449] (1988). When only pendant state law claims are being litigated in the federal court – as is the case here – district courts have "a powerful reason to choose not to continue to exercise jurisdiction." *Id.* This is even more compelling given the dual citizenship of United Airlines, Inc.

While "considerations of judicial economy, convenience and fairness to litigants" are also pertinent to questions involving pendant jurisdiction, such considerations are only limited to cases in which district courts are considering the adjudication of state law claims *in addition to* federal causes of action. *Id.* at 349, citing *Gibbs,* 383 U.S. at 726. According to *Gibbs*,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF ALFONSO GALARPE JR.'S MOTON FOR REMAND
CASE NO.: 3:17-cv-06514-EMC

Page 6

"considerations of judicial economy, convenience and fairness to litigants" support a wide-ranging power in the federal courts to decide state-law claims. Therefore, under the *Gibbs* standard, this case should be remanded to the Superior Court of California, County of San Mateo ("San Mateo Superior Court").

"Without a federal claim upon which to append related state causes of action, the federal court has no basis for asserting jurisdiction" over this matter as plead in Plaintiff's First Amended Complaint. *Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1458 [1985 U.S. App. LEXIS 27755] (9th Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 [1985 U.S. LEXIS 3958] (1985).

Under 28 U.S.C. § 1441(a), it is entirely proper and fair for this Court to remand Plaintiff's case to the San Mateo Superior Court. Moreover, Defendants' claim of diversity jurisdiction should be defeated by the reasoning of this Court in its ruling in *Ghaderi*. See also Plaintiff's Request for Judicial notice filed concurrently herewith.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an Order remanding this action to San Mateo Superior Court. A proposed Order was filed concurrently herewith.

Respectfully Submitted,

**LAWOFFICE OF DAVID A. WOLF**

Dated: December 7, 2017

/s/ David A. Wolf
By: David A. Wolf, Esq.
Attorneys for Plaintiff Alfonso Galarpe, Jr.