1  DAVID A. WOLF, CA SBN 124460
   LAW OFFICE OF DAVID A. WOLF
2  2600 TENTH STREET, SUITE 410
   BERKELEY, CA 94710
3  TELEPHONE: (510) 325-7662
   FACSIMILE: (510) 295-2838
4
   Attorneys for Plaintiff
5  ALFONSO GALARPE, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| ALFONSO GALARPE, JR., AN INDIVIDUAL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., DOES 1-50, INCLUSIVE,<br><br>Defendants. | Case No.: 3:17-cv-06514-EMC<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:   January 18, 2018<br>Time:   1:30 p.m.<br>Court Room:  5 |
|---|---|

Plaintiff's Motion for Remand is made upon notice, the Memorandum of Points and Authorities in support thereof, the Declaration of Counsel for Plaintiff, Plaintiff's Request for Judicial Notice, the Court's files and records herein, and all exhibits produced during the pleading stages of this case, any supplemental pleadings and exhibits, and all oral and documentary evidence adduced / produced at hearing as well as any and all further information of which the Court takes judicial notice.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**
CASE NO.: 3:17-cv-06514-EMC                1

I.    SUMMARY OF FACTS AND BACKGROUND

On or about August 18, 2016, Defendant United Airlines, Inc. ("United Airlines, Inc." or "Defendant United" or "Defendants") terminated Plaintiff's employment.  Defendant United erroneously and maliciously accused Plaintiff of egregious behavior and policy violations that are entirely inconsistent with his personality, demeanor, and his thirty-year service record with Defendant United.

On January 10, 2017, Plaintiff obtained a right to sue letter from the California Department of Fair Employment and Housing ("DFEH"), in which Plaintiff alleged discrimination, harassment, retaliation, and termination based on his age (40 and over), disability, protected activity, and military or veteran status.  Plaintiff exhausted his administrative remedies by filing with the DFEH, the agency responsible for enforcement of the California Fair Employment & Housing Act ("FEHA").

On May 12, 2017, Arbitrator Edward B. Krinsky of Wisconsin, serving as the impartial arbitrator on a "System Board of Adjustment" ruled *in arbitration proceedings conducted in California* that Plaintiff had been terminated without "just cause." (See, ECF 19-2, pp. 23-37 Wolf Dec., Exh. C. (the opinion and award).)  Based on Arbitrator Krinsky's opinion and award, Plaintiff commenced a return to work process with Defendant United on or about July 26, 2017.

On September 29, 2017, Plaintiff filed a complaint against Defendant United and Does 1-50, inclusive, in the Superior Court of California, County of San Mateo, Case No. 17CIV04505.  Plaintiff alleges exclusively state law claims, and he filed his First Amended Complaint on October 6, 2017, to effectuate service on Defendants.

On November 9, 2017, Defendant United removed the action to this Court, alleging that

Plaintiff and Defendant United are citizens of different states of the United States.

On December 7, 2017, Plaintiff filed a Motion for Remand of the case to the Superior Court of California, County of San Mateo, citing, *inter alia*, the decision of this Court in *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 1041, 1042 [2001 U.S. Dist. LEXIS 10497] (N.D. Cal. 2001), a case involving the same defendant, United Airlines, Inc., holding remand appropriate in that Defendant United was in effect a dual citizen of Illinois and California.

*Shepard's* on LEXIS does not show that *Ghaderi*, *supra*, has been overruled.

### III.   LEGAL ARGUMENT

#### A.   Plaintiff is a California Citizen and so is Defendant United.

Plaintiff concedes that he is a California resident and citizen of the United States of America, and a proud veteran of the United States Air Force.  (See Plaintiff's First Amended Complaint, attached to Defendants' Notice of Removal (ECF 1-1).  Plaintiff would stipulate that he has worked for Defendant United exclusively in California, but for certain temporary field assignments.  The local affiliate of Plaintiff's national labor union is likewise based in California, and Plaintiff exhausted his contractual remedies in California, including his victory in the above-referenced arbitration hearing conducted in California.  Plaintiff also exhausted his administrative remedies relevant to this action by obtaining a right to sue letter from the California Department of Fair Employment & Housing.  Defendants argue that the corporate books and records are maintained in Illinois, but Plaintiff's personnel and payroll records are located in California, *or should be*, under applicable provisions of the California Labor Code, including §§ 1198.5 and 432.  See, Declaration of Managing Counsel, Labor & Employment Sean Nash (ECF 21 at page 9 of 10, ¶5).

Plaintiff makes this motion on the grounds that this Court has previously ruled that

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND
CASE NO.: 3:17-cv-06514-EMC            3

Defendant United Airlines, Inc. is a dual citizen of Illinois and California *and* because relevant statutory and case law favor remand, *Hertz*, *infra*, notwithstanding.  Moreover, Plaintiff's First Amended Complaint contains no federal claims.

Plaintiff's Motion for Remand thus should be granted.

**B.   "Typically" Does Not Mean Always.**

In *Hertz Corp. v. Friend 559 U.S. 77* [130 S. Ct. 1181] (2010)*,* the U. S. Supreme Court in remanding the case to the Ninth Circuit, stated:  "We believe that the 'nerve center' will *typically* be found at a corporation's headquarters." (*Id.,* 559 U.S. at 81; emphasis added*.*) "*Typically"* does not mean *always*.  And *Hertz* should not be read to require that an action is *only* proper if filed / maintained at a defendant's "nerve center" or in federal court based on *Strawbridge*, 7 U.S. 267 (1806).  The current federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business*." 28 U.S.C. § 1332(c) (emphasis added).

The *Hertz* Court sought to resolve different interpretations that the Circuits gave the phrase *principal place of business*.  In doing so, the *Hertz* Court placed primary weight upon the need for judicial administration of a jurisdictional statute to remain as simple as possible, and concluded that the phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  (Citations omitted.)  Yes, the lower courts refer to it as the metaphorical "nerve center," but "[r]emoval . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v.*

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND
CASE NO.: 3:17-cv-06514-EMC                 4

*Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir.2008)); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Although Defendants argue that the points in Plaintiff's Request for Judicial Notice are irrelevant, they try to counter some of them in detail, but entirely ignore the fact that Defendant United has over 17,000 employees in California, more than it does in any other state in the United States, including Illinois. This undisputed statistic is noteworthy and should be dispositive in the context of this labor and employment litigation.

A strong presumption exists against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992 (per curiam)); *California ex rel. Lockyer,* 375 F.3d at 838 ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute."); *Durham, supra,* 445 F.3d at 1252, (Courts resolve any doubts about the propriety of removal in favor of remanding the case to state court.). Courts should presume that a case lies outside the limited jurisdiction of the federal courts. *Hunter, supra*, 582 F.3d at 1042.

Plaintiff's Motion for Remand should thus be granted.

**B.     *Ghaderi* Has Not Been Overruled.**

In *Assaye v. United Airlines, Inc.* (D. Haw. Oct. 30, 2017, No. 17-00495 DKW-KSC) 2017 U.S. Dist. LEXIS 191539, at *5, fn. 2., United States Magistrate Judge Kevin S. Chang cited *Ghaderi*, stating just last October as follows:

At least one district court has concluded that [United Airline Inc.'s] principal place of

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**
CASE NO.: 3:17-cv-06514-EMC                5

business is California.  *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 2d 1041, 1048 (N.D. Cal. 2001) ("[W]e hold that United's principal place of business, as that phrase is used in diversity jurisdiction doctrine, is California.").

Nothing in Magistrate Judge Chang's recent decision in *Assaye*, citing *Ghaderi*, concerning a Hawaii Plaintiff suggests that *Ghaderi* has been overruled, especially as applied here. The *Ghaderi* Court concluded that Defendant United is a dual citizen such that a lawsuit in California could and should proceed at the state court level.  Again, *Ghaderi* has not been overruled, even in light of *Hertz*.[1]

Defendant United is still effectively a dual citizen of California and Illinois.  Plaintiff does not advance the argument that every place Defendant United cycles its aircraft with takeoffs and landings, moves passengers, baggage and cargo, sells tickets, or otherwise transacts its business would be a basis for defeating diversity jurisdiction.  Plaintiff argues, however, that Defendant United's presence is California is so significant, *so overwhelming in fact*, as to warrant the application of a "raw nerve test" or "audacity test," but applying the reasoning of *Ghaderi, supra*, distinguished in three subsequent cases, but *not* overruled.  (See also, Plaintiff's Request for Judicial Notice.  (ECF 17-3.)  The seven-paragraph, one page Declaration of Managing Counsel, Labor & Employment Sean Nash (ECF 21 at page 9 of 10), seems accurate, remarkable in its brevity, but does nothing to refute the overwhelming presence of Defendant United in California even in the context of post-*Hertz* removal jurisdiction.

Plaintiff's Motion for Remand should be granted.

**C.  Rigid Application of the *Hertz* Nerve Center Test Will Produce an Absurd Result Here and Reward Defendants for Their Gamesmanship.**

---

[1] In addition to the 2017 decision in *Assaye, supra, Roland-Warren v. Sunrise Senior Living, Inc.* [U.S. Dist. LEXIS 68393] (2009) and *Arellano v. Home Depot U.S.A., Inc.* 245 F. Supp 2d 1102 [U.S. Dist. LEXIS 7228] (2003) cite and distinguish *Ghaderi*, but they do *not* overrule it.  Nor is there any indication in Shepard's on LEXIS that *Ghaderi* has been overruled, e.g., by *Hertz*.  Here, the circumstances of removal do *not* warrant the application of *Hertz* as advanced by Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**
CASE NO.: 3:17-cv-06514-EMC                  6

> Federal district courts have subject matter jurisdiction over two types of cases: those presenting a federal question and those brought in diversity. For purposes of the diversity inquiry, corporations were once thought to be citizens of their state of incorporation only. Fearing corporate abuse of this hard-set jurisdictional rule, Congress broadened corporate citizenship in 1958 so that a "corporation was to "be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."' Failing to define "principal place of business," however, precipitated a severe circuit split as courts sought to make sense of the increasingly muddled doctrine.  Last Term, in Hertz Corp. v. Friend, a unanimous Supreme Court brought harmony to the discordant views of the courts of appeals by adopting the Seventh Circuit's "nerve center" inquiry as the sole test to determine a corporation's principal place of business. In so deciding, the undivided Court trumpeted the benefits of rule-based adjudication in diversity pleading determinations. In rejecting discretionary, standard-based tests, Hertz is a paradigmatic example of the Court justifying over-and under inclusiveness at the margins as a necessary cost of doctrinal clarity.

* * * * *

> . . . Justice Breyer [writing for the Court] conceded that "there may be no perfect test." Even the "nerve center" inquiry is certain to result in cases in which a finding or nonfinding [sic] of citizenship "cuts against the basic rationale for" diversity jurisdiction: the concern for local prejudice against out-of state defendants. But the Court, in apologetic tones, labeled such situations "anomalies" and vigorously defended its results:  unfairness at the margins represents a cost of doing business that litigants "must" accept "in view of the necessity of having a clearer rule."[2]

If this Court lacks discretion in light of *Hertz*, then it would appear that the rationale for placing the burden on the party seeking removal to justify it has been eviscerated -- otherwise made a nullity.  Plaintiff's Motion for Remand should be granted.

    **D.**    **Defendants Have Not Been Prejudiced by the Arguably Tardy Filing of Plaintiff's Motion for Remand.**

Defendants bemoan receiving fewer than thirty-five (35) days notice of Plaintiff's Motion for Remand under Local Rule 7.2(a).  Plaintiff sought and Defendants agreed to a continuance of the hearing on this motion *and* their 12(b)(6) motion, which the Court approved

---

[2] See, THE SUPREME COURT, 2009 TERM: LEADING CASES:  II. Federal Jurisdiction and Procedure:  A. Diversity Jurisdiction, 124 Harv. L. Rev. pp. 309-310, 315 (notes omitted).

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**
CASE NO.: 3:17-cv-06514-EMC       7

– now set for January 18, 2018.³  Defendants have obviously filed their opposition to Plaintiff's Motion for Remand, and they have suffered no prejudice.  Plaintiff separately filed a Motion to Enlarge Time.  (See, ECF 17 and ECF 18.)

### III.  CONCLUSION

*Hertz* should not be applied *in lockstep* to deprive parties of substantial justice and fair play under unique circumstances that do not otherwise disturb the rule-based simplicity of *Hertz*, i.e., for less compelling cases.  Here, Defendant United has more employees and more business in California than any other state, virtually unlimited resources, able California counsel at a comparatively huge law firm, and Defendants will not be prejudiced in the least by a remand to the Superior Court of California, County of San Mateo, *unless that alone produces more unnecessary law and motion costs and time consuming appeals*.

For all the reasons set forth above, and in all the papers on file in this case to date, Plaintiff requests that his Motion for Remand be granted or that he otherwise be permitted to amend his complaint.  Proposed orders were previously filed along with Plaintiff's Motion for Remand and Plaintiff's Opposition to Defendants' pending 12(b)(6) motion.

Respectfully Submitted,

**LAW OFFICE OF DAVID A. WOLF**

Dated:  January 4, 2018

/s/ David A. Wolf
                By: David A. Wolf, Esq.
Attorneys for Plaintiff Alfonso Galarpe, Jr.

---

³ At page 1, lines 19-21, Defendants suggest that Plaintiff set the initial hearing date(s) in this case, which is incorrect.  Plaintiff would not presume to set hearing date(s) as that is the purview of the Court, not of the parties, unless by stipulation *and corresponding order*.  With that said, Plaintiff genuinely appreciates the belated stipulation of Defendants to continue the hearing date.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSTION TO PLAINTIFF'S MOTION FOR REMAND**
CASE NO.: 3:17-cv-06514-EMC              8